United States District Court
District of Massachusetts

_____
                                   )
**UNITED STATES OF AMERICA,**      )
                                   )
        v.                         )
                                   )   Criminal No.
**JOSE EDUARDO MARTINEZ,**         )   11-10148-NMG
        Defendant.                 )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

On April 6, 2011, an Indictment was returned against Jose Eduardo Martinez charging him with one count of Illegally Reentering the United States as a Deported Alien in violation of 8 U.S.C. § 1326. The government alleges that Martinez was removed from the United States on October 12, 1999, and was found back in the United States without the express consent of the Attorney General on March 28, 2011.

Martinez moved to dismiss the Indictment on the ground that his original deportation was based on a constitutionally defective criminal conviction and, therefore, cannot serve as a predicate for an illegal re-entry prosecution under § 1326. The government has opposed defendant's motion.

Martinez challenges the conviction triggering his deportation on the basis that defense counsel failed to advise him of the adverse immigration consequences of pleading guilty.

-1-

In Padilla v. Kentucky, 130 S. Ct. 1473 (2010), the Supreme Court ruled that it may constitute ineffective assistance of counsel to fail to advise a defendant that his guilty plea subjects him to automatic deportation. Because Padilla was handed down after the defendant's conviction became final, the defendant is entitled to rely on it only if the constitutional principle announced therein applies retroactively to cases on direct and collateral review.

A newly announced constitutional rule of criminal procedure applies retroactively only if 1) it is not a new rule, but rather an old rule applied to new facts, or 2) it is a new rule that is a) substantive, not procedural, in nature or b) a watershed rule of criminal procedure implicating the fundamental fairness of criminal proceedings. Teague v. Lane, 489 U.S. 288, 311 (1989).

The Supreme Court declined to address whether the rule announced in Padilla applies retroactively, leaving lower federal courts to sort it out. A brief discussion of the split of opinion that followed, with a focus on the chronology of that split, is instructive. The Third Circuit, which was the first federal circuit court to consider the issue, ruled in June, 2011, that "because Padilla followed directly from Strickland and long-established professional norms, it is an 'old rule' for Teague purposes and is retroactively applicable on collateral review." United States v. Orocio, 645 F.3d 630, 641 (3d Cir. 2011). In July of that year, a few district courts followed suit. See

United States v. Dass, No. 05-140 (3) (JRT/FLN), 2011 WL 2746181, at *4 (D. Minn. Jul. 14, 2011); Song v. United States, Nos. CV 09-5184 DOC, CR 98-0806 CM, 2011 WL 2940316, at *2 (C.D. Cal. Jul. 15, 2011).

In August, however, the tide began to turn. The Seventh and Tenth Circuits ruled, in quick succession, that Padilla announced a new rule of constitutional law and, therefore, does not apply retroactively to final convictions. See Chaidez v. United States, 655 F.3d 684, 687-94 (7th Cir. 2011); United States v. Chang Hong, No. 10-6294, 2011 WL 3805763, at *1-10 (10th Cir. Aug. 30, 2011). They rejected the argument that Padilla was compelled by Strickland, concluding instead that the Court used the latter decision as a constitutional jumping-off point. Id. at 688-93. Reasoning that the outcome in Padilla was susceptible to reasonable debate before the decision was handed down, they pointed to the lack of unanimity among the lower courts and even the Justices themselves. Id. at 689-90.

Finding the reasoning of the Seventh and Tenth Circuits persuasive, a bevy of lower federal courts lined up behind them in ruling that Padilla is not retroactive. Ufele v. United States, No. 86-143 (RCL), 2011 WL 5830608, at *1 (D.D.C. Nov. 18, 2011); United States v. Agoro, Nos. CR 90-102 ML, CR 91-074 ML, 2011 WL 6029888, at *7 (D.R.I. Nov. 16, 2011), accepted and adopted, 2011 WL 6034478 (D.R.I. Dec. 05, 2011); United States v.

-3-

Garcia, Nos. 2:88-cr-31-FtM-29DNF, 2:89-cr-32-FtM-29, 2011 WL 5024628, at *3 (M.D. Fla. Oct. 21, 2011); Sarria v. United States, No. 11-20730-CIV, 2011 WL 4949724, at *6 (S.D. Fla. Oct. 18, 2011); Emojevwe v. United States, No. 1:10cv229-MEF, 2011 WL 5118800 (M.D. Ala. Sept. 29, 2011), accepted and adopted, 2011 WL 5118788 (M.D. Ala. Oct. 28, 2011); United States v. Cervantes-Martinez, No. 10cr4776 JM, 2011 WL 4434861, at *6 (S.D. Cal. Sept. 23, 2011); United States v. Abraham, No. 8:09CR126, 2011 WL 3882290, at *2 (D. Neb. Sept. 1, 2011).

This Court follows the developing consensus of federal courts in holding that Padilla announced a new rule of constitutional law and thus, under Teague, does not apply retroactively to convictions that were final at the time of its announcement. Instead of expounding at length on why Padilla should be considered a new rule (and offering little more to the debate than a summary of the cogitations of more highly paid jurists), this Court adopts the forceful reasoning of the Seventh Circuit in Chaidez v. United States, 655 F.3d 684, 687-94 (7th Cir. 2011). Thus, because the defendant's conviction was final when Padilla was announced, he may not rely on it as a basis for dismissing the indictment against him.

Even if Padilla were retroactive, however, the defendant would not be entitled to rely on it because he has not satisfied the statutory standard required to challenge his removal order

-4-

collaterally. A defendant-alien may collaterally attack a prior deportation order in response to an illegal re-entry prosecution if, but only if, he establishes that:

> 1) he exhausted any administrative remedies that may have been available to seek relief against the order;
>
> 2) the deportation proceeding at which the order was issued improperly deprived him of the opportunity for judicial review; and
>
> 3) the entry of the deportation order was fundamentally unfair.

8 U.S.C. § 1326(d); United States v. Luna, 436 F.3d 312, 317 (1st Cir. 2006).

The defendant makes no argument and submits no evidence that 1) he exhausted administrative remedies, 2) he was denied judicial review of the deportation proceedings or 3) the entry of the deportation order was fundamentally unfair. He claims, instead, that § 1326 does not apply in light of Padilla.

The Court disagrees. No exception to the statutory scheme is permitted for cases in which the conviction triggering a defendant-alien's deportation was allegedly obtained in violation of Padilla. United States v. Adame-Orozco, 607 F.3d 647, 650 n.3 (10th Cir. 2010) (holding that "§ 1326(d) permits a court in an illegal reentry case to reexamine the validity of the alien's deportation proceedings" but does not allow a federal court to review a state conviction that triggered those proceedings); Garcia v. Holder, 638 F.3d 511, 518 (6th Cir. 2011) (holding that

"[a]n alien petitioner may not collaterally attack a criminal conviction that serves as the basis for [removal]," notwithstanding Padilla).

The defendant has already challenged, unsuccessfully, his underlying conviction in the Massachusetts Superior Court for Suffolk County. He may continue his collateral attack in the state court system by appealing the trial court's denial of his motion for a new trial. He may not, however, mount his challenge in federal court.

### ORDER

In accordance with the foregoing, defendant's motion to dismiss the indictment (Docket No. 19) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 20, 2012